# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2012

No. 12-30325
Summary Calendar

Lyle W. Cayce
Clerk

MATTHEW EARLE PROVENSAL,

Plaintiff-Appellant

v.

MICHAEL JOHN GASPARD;  H20 HAIR, INCORPORATED,
doing business as H2O Spa and Salon,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4276

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Matthew Earle Provensal ("Provensal") appeals the district court's dismissal of his several claims against Defendants-Appellees Michael John Gaspard ("Gaspard") and H2O Hair, Incorporated ("H2O").[1]  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Parties consented to submit this action to the United States Magistrate Judge.

No. 12-30325

## I. Facts and Proceedings

Provensal, a Louisiana board-certified massage therapist, was hired in that capacity by H2O, a corporation in which Gaspard is a stockholder who served during all pertinent times as supervisor of H2O's spa. Provensal was hired in mid-May, 2009 and resigned in mid-September of that year. Following his resignation, Provensal sued Gaspard individually and H2O vicariously, asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. § 2001(e), *et seq.*, Louisiana Civil Code articles 2315, 2316, 2317, and 2320, and La. Rev. Stat. Ann. §§ 23:302 and 51:2231. He alleged numerous causes of action and including slander, defamation, religious discrimination, intentional infliction of emotional distress, and employment discrimination and retaliation.

The district court disposed of Provensal's claims on summary judgment *seriatim*. In May, 2011, the court dismissed his claims against Gaspard for slander, defamation, and relief under Title VII in La. Rev. Stat. Ann. §§ 23:302 and 51:2231, as well as claims against H2O for slander, defamation, and religious discrimination. In February, 2012, the court dismissed Provensal's Title VII claims against H2O and his claims against both defendants for intentional infliction of emotional distress, but held in abeyance Provensal's claims against H20 under La. Rev. Stat. Ann. § 23:302 and 51:223. In March, 2012, the court denied Provensal's motion for reconsideration of its prior summary judgment and dismissed his remaining claims against H2O under La. Rev. Stat. Ann. §§ 23:302 and 51:2231. This appeal followed.

## II. Analysis

First, as a practical matter, Provensal's appeal of the district court's dismissal of claims against Gaspard individually was abandoned. As noted in Gaspard's appellate brief, Provensal "presented no issues, and made no argument, concerning the District Court's dismissal of his claims against Gaspard" despite Fed. R. App. P. 28(5)'s requirement that Appellant's brief identify the issues presented for review on appeal and Fed. R. App. P. 28(9)'s

requirement to present arguments. Thus, as Gaspard correctly states: "None of the issues, contentions or reasons identified or argued by Provensal's brief challenge, or offer any reason to reverse, vacate or modify, the District Court's dismissal of the claims against [him]." We agree and so rule.

Provensal's remaining claims against his corporate employer, H2O, are vicarious in nature and, at bottom, turn on whether the district court erred in granting summary judgment of dismissal on the basis that no genuine dispute of material fact exists to support Provensal's contention that adverse employment actions were taken against him. When reduced to its essentials, Provensal's adverse employment claims depend on whether his assertion that he was made the "lead therapist" at H2O's spa is supported by sufficient contested facts to create a genuine dispute, and whether, even if he was, that nebulous title carries with it sufficient emoluments that its loss or diminution, actual or perceived, could form the basis of an adverse employment act or retaliation.

Even if we assume, *arguendo*, that the position of "lead therapist" at the spa somehow constituted an elevated level of responsibility, privilege, and compensation (which we do not), we are convinced that the district court properly concluded that Provensal's proffered evidence of his having been appointed lead therapist by H2O is speculative, inconclusive, conclusional, and altogether incapable of rising to even the threshold level of material fact sufficient to pretermit a grant of summary judgment on that asserted foundational question. Noting the amorphous nature of the title, "lead therapist," we are convinced that the court correctly classified the evidence proffered by Provensal to having been appointed to that post insufficient to create a genuine dispute. The vague and suppositional nature of the statements of two other H2O employees about thinking that Provensal was made lead therapist, coupled with his concession that he merely "thought" he had been so named but could not point to a time, or a date, or to a writing or other statement,

No. 12-30325

that was not likewise vague and suppositional, satisfies us that the district court committed no reversible error in determining the absence of any genuine issue of material fact and granting summary judgment of dismissal of his claims on that basis. The same holds true for the court's rulings on prescription.

The district court correctly applied the requirements of the Supreme Court's seminal cases in this area, *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 714 (1998) to Provensal's claim against H2O for sex-based adverse employment decisions against him. The record on appeal confirms that H2O adopted, published, and furnished to Provensal, a detailed policy for reporting sexually harassing behavior and that Provensal unreasonably failed to take advantage of the opportunities thus presented or otherwise to avoid such harm.

### III. Conclusion

The district court correctly ruled that all of Provensal's employment discrimination claims against H2O, both federal and state, either failed under the *Faragher/Ellerth* rubric or were time-barred by prescription, as demonstrated by uncontradicted evidence of the material facts. For the foregoing reasons, as detailed and explained more fully by the district court, its summary judgments are, in all respects,

AFFIRMED.